IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLEALON B. MANN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE RESTITUTION ORDER<br><br>Case No. 2:02-CR-741 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Set Aside Restitution Order. For the reasons discussed below, the Court will deny Defendant's Motion.

## I.  BACKGROUND

Defendant Clealon Mann was charged in a multi-count Indictment with conspiracy, sale of unregistered securities, wire fraud, mail fraud, and aiding and abetting. Defendant pleaded guilty to Count I of the Indictment on January 15, 2004. Defendant was sentenced on April 15, 2004. As part of his sentence, Defendant was ordered to pay restitution in the amount of $8,162,743. Defendant now seeks to set aside the restitution order.

## II.  DISCUSSION

"Congress through its enactment of the [Mandatory Victim Restitution Act] set up a specific and detailed scheme addressing the issuance and modification of restitution orders

1

arising out of criminal prosecutions."[1] 18 U.S.C. § 3664(o) "provides the means by which an order of restitution may be altered."[2] That section provides:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
> (1) such sentence can subsequently be—
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> (B) appealed and modified under section 3742;
> (C) amended under subsection (d)(5); or
> (D) adjusted under section 3664(k); 3572, or 3613A; or
> (2) the defendant may be resentenced under section 3565 or 3614.
>
> Reviewing these provisions, the Tenth Circuit has explained,
>
> Section 3742 addresses sentencing appeals. Section 3664(d)(5) addresses losses unascertainable at the time of sentencing. Section 3554(k) addresses the manner in which restitution shall be paid. Section 3572 addresses the imposition of a fine in relation to restitution. Section 3613A addresses the effect of a default in restitution payments. Section 3565 addresses revocation of probation. And § 3614 addresses resentencing upon a failure to pay restitution. This leaves only Fed. R. Crim. P. 35, which permits a district court to correct a sentence that resulted from arithmetical, technical, or other clear error. . . . But Rule 35(a) requires a court to correct a sentence [w]ithin 14 days after sentencing.[3]

Defendant's Motion cites to Rule 35 and Section 3742. Section 3742 addresses appeals. As this is not an appeal and the time for filing an appeal has long past, this section is inapplicable. Rule 35 requires the Court to correct a sentence within 14 days after sentencing. Rule 35's 14-day time period is jurisdictional.[4] Defendant was sentenced over ten years ago. Thus, Defendant has provided no authority for the Court to set aside the previously imposed restitution order. Without such authority, his Motion must be denied.

---

[1] *United States v. Wyss*, 744 F.3d 1214, 1217 (10th Cir. 2014).

[2] *Id.*

[3] *Id.* at 1218 (internal quotation marks omitted).

[4] *United States v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012).

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Set Aside Restitution Order (Docket No. 113) is DENIED.

DATED this 17th day of February, 2015.

                    BY THE COURT:

                    Ted Stewart
                    United States District Judge